UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DARRYL LEW KIRKSEY, JR.,

      Plaintiff,

v.

           Case No. 3:25-cv-1391-JEP-SJH

CAPTAIN WESLEY RODGERS, et al.,

      Defendants.

_____

### ORDER

Plaintiff Darryl Lew Kirksey, Jr., an inmate of the Florida Department of Corrections ("**FDOC**"), is proceeding on a pro se Complaint for Violation of Civil Rights ("**Complaint**," Doc. 1) and a "State Habeas Corpus/Injunction Order" (Doc. 3).

In the Complaint, Plaintiff names the following individuals as Defendants in their individual and official capacities: (1) Captain Wesley Rodgers ("**Rodgers**"); (2) Captain Kyle Knight ("**Knight**"); (3) Sergeant Charles Pittman ("**Pittman**"); (4) Sergeant X. Stewart ("**Stewart**"); (5) Sergeant Manning ("**Manning**"); (6) Sergeant Thomas Palmer ("**Palmer**"); (7) Officer Hester ("**Hester**"); and (8) Officer Hodge ("**Hodge**"). (Doc. 1 at 1–3). Plaintiff appears to raise claims of excessive use of force, attempted murder, rape, and failure to protect or intervene based on events pertaining to cell

extractions that occurred in 2024 and 2025 at Florida State Prison ("**FSP**"), as well as seemingly unrelated and vague claims of retaliation, medical deliberate indifference, and food deprivation. (*Id.* at 3–4). The predominant claims in this action appear to be Plaintiff's claims of excessive use of force and failure to protect or intervene related to the cell extraction that occurred at FSP on September 3, 2024. (*Id.* at 4).

On that day, at Pittman's request,[1] Rodgers and Knight approached Plaintiff's cell, saying[2]: "Kirksey, I need to get you out of this cell so that I can see you naked[.] . . . I just want to talk [and] want you to have sex [with] me[.] . . . Can we do that?" (Doc. 1 at 3, 4). Plaintiff alleges he continued to read his book. (*Id.* at 3–4). It appears that a decision was made later that day to administer chemical agents and then extract Plaintiff from his cell for a decontamination shower. (*See id.* at 3–5). According to Plaintiff, the cell extraction was unnecessary because he was compliant with all orders. (*Id.*). Nevertheless, Rodgers and Knight formed a cell extraction team, which included Manning, Stewart, Palmer, Hodge, and Hester. (*Id.*). During the

---

[1] Plaintiff alleges that Pittman was the initiator of all malicious cell extractions, excessive uses of force, and inhumane treatment against Plaintiff. (Doc. 1 at 3, 5). Plaintiff asserts that Pittman was not supposed to be near him because of his prior complaints under the Prison Rape Elimination Act. (*Id.* at 3–5).

[2] It is unclear whether Rodgers or Knight made those statements.

extraction, Plaintiff alleges he was beaten, punched, kicked, and repeatedly slammed onto the concrete floor by Stewart and Hester, while being held down by Manning and Hester on each side. (*Id.* at 4–5). Plaintiff further alleges that Hester was intentionally trying to break his right arm by holding it behind his back. (*Id.*). At some point, Palmer grabbed Plaintiff's right arm from Hester's grasp, and said, "Here, let me try it this way." (*Id.*). As he put Plaintiff's right arm against the edge of the bunk, Palmer placed his full 480-pound body frame over it until it snapped and broke. (*Id.* at 3–5). According to Plaintiff, while this was happening, Rodgers and Knight were standing on top of the bunk, actively participating in the events, and failing to stop the abuse. (*Id.* at 4–5). The next day, September 4, 2024, Plaintiff had to undergo surgery for his broken right arm at Jacksonville Memorial Hospital, and has been suffering from permanent nerve damage in his right arm, hand, and fingers. (*Id.* at 5).

Plaintiff also alleges that after the September 3, 2024 incident, he has been targeted by Defendants and other officers through cell extractions occurring on July 8, 2025, September 7, 2025, October 16, 2025, and other dates. (*Id.* at 3, 5–6, 8). On September 7, 2025, Plaintiff alleges that he was brutally beaten, punched, kicked, and slammed onto the concrete floor, and that Palmer and Hester intentionally rebroke his right arm and broke his left-hand index finger and right-hand pinky and ring fingers, while attempting to

3

rape and murder Plaintiff before he could file this lawsuit. (*Id.* at 5–6, 8). On October 16, 2025, Plaintiff alleges he was raped in his cell by Knight, Palmer, Hester, and other members of the cell extraction team. (*Id.* a 6). As relief, Plaintiff seeks $1.5 million each from Palmer, Hester, Pittman, Rodgers, Knight, Hodge, Stewart, and Manning. (*Id.*).

The Prison Litigation Reform Act ("**PLRA**") requires the Court to dismiss an action at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). With respect to whether a complaint "fails to state a claim on which relief may be granted," § 1915(e)(2)(B)(ii) mirrors the language of Federal Rule of Civil Procedure 12(b)(6), and, therefore, courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *see also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Labels and conclusions" or

"a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Id.* (quotations, alteration, and citation omitted).

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). The factual allegations in a complaint must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). All reasonable inferences should be drawn in favor of the plaintiff. *See Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010). While "[s]pecific facts are not necessary," the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555).

Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted). Further, "conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal." *Rehberger v.*

*Henry Cnty., Ga.*, 577 F. App'x 937, 938 (11th Cir. 2014)[3] (quotations and citation omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." *Iqbal*, 556 U.S. at 678, 680.

In assessing a pro se party's pleadings, the court must read the allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011). However, the duty of a court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. *Freeman v. Sec'y, Dept. of Corrs.*, 679 F. App'x 982, 982 (11th Cir. 2017) (citing *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. *See Salvato v. Miley*, 790 F.3d 1286, 1295 (11th Cir. 2015); *Bingham*, 654 F.3d at 1175 (citation omitted); *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010) (citations omitted). Moreover, under Eleventh Circuit

---

[3] Any unpublished decisions cited in this Order are deemed persuasive authority on the relevant point of law. *See McNamara v. GEICO*, 30 F.4th 1055, 1061 (11th Cir. 2022).

precedent, to prevail in a section 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); *Porter v. White*, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

Construed liberally, the Complaint seems to raise claims of excessive use of force, attempted murder, rape, failure to protect or intervene, retaliation, deliberate indifference to a serious medical need, and food deprivation. Pursuant to the Court's screening obligation, the Court will dismiss without prejudice Plaintiff's claims of retaliation, deliberate indifference to a serious medical need, and food deprivation for failure to state a claim for which relief may be granted. Plaintiff has presented these claims only in passing and without providing any factual allegations in support. (*See* Doc. 1 at 3 (alleging in a conclusory fashion "acts of reprisal" and failure to provide Plaintiff with three full daily meals); *id.* at 5 (alleging unidentified parties refused to provide Plaintiff with medical attention and physical therapy)). As such, Plaintiff has not provided Defendants with adequate notice of these claims.

The Court will also dismiss without prejudice Plaintiff's claims of attempted murder, rape, excessive use of force, and failure to protect or intervene stemming from the cell extractions that occurred in 2025. Such

7

claims are premised on incidents that are separate from and unrelated to the September 3, 2024 extraction that forms the basis of this action. *See Smith v. Owens*, 625 F. App'x 924, 928–29 (11th Cir. 2015) (affirming the dismissal of plaintiff's complaint against ten correctional officers for unrelated excessive-force incidents because of plaintiff's non-compliance with Federal Rule of Civil Procedure 20); Fed. R. Civ. P. 20(a)(2) (stating that a complaint may not join unrelated claims and various defendants unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action"). However, Plaintiff may bring his claims related to the other cell extractions, such as those occurring on July 8, 2025, September 7, 2025, and October 16, 2025, in separate civil rights action(s), using the Court-approved form.[4] *See* M.D. Fla. R. 6.04(a) ("A pro se person in custody must use the standard form[.]"). If Plaintiff chooses to do so, he must identify the dates and locations of the incidents and the parties responsible for the alleged constitutional violations, he must "separate each cause of action or claim for relief into a

---

[4] To the extent Plaintiff attempts to raise claims pertaining to the cell extractions that occurred on July 8, 2025, September 7, 2025, and October 16, 2025, his factual allegations are insufficient to state a claim for relief. For example, Plaintiff does not provide any details about the July 8, 2025 cell extraction, and does not fully identify the parties involved in or the dates on which these cell extractions took place in 2025. (*See* Doc. 1 at 3, 5, 6, 8).

different count," and he must specify "which of the defendants are responsible for which acts or omissions." *Barmapov v. Amuial*, 986 F.3d 1321, 1325 (11th Cir. 2021) (internal quotations and citations omitted). Plaintiff should not put this case number on his new complaint because the Clerk will assign a different case number.

In addition, to the extent Plaintiff raises official-capacity claims against Defendants pertaining to the September 3, 2024 incident, the Court will dismiss these claims without prejudice for failure to state a claim. Official-capacity suits "'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (quoting *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S 658, 690 n.55 (1978)); *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991). Thus, a suit against Defendants in their official capacities is equivalent to suing the FDOC itself, but the FDOC is not a "person" within the meaning of § 1983. *Gardner v. Riska*, 444 F. App'x 353, 355 (11th Cir. 2011). Moreover, the FDOC is immune from § 1983 liability for damages. *Zatler*, 802 F.2d at 400. Although injunctive relief may be available against the FDOC, *Gamble v. Fla. Dep't of Health & Rehab. Servs.*, 779 F.2d 1509, 1511 (11th Cir. 1986), Plaintiff fails to allege that any policy, custom, or practice of the FDOC was the moving force behind his alleged constitutional violations. *See Graham*,

9

473 U.S. at 166 ("[A] governmental entity is liable under § 1983 only when the entity itself is a moving force behind the deprivation; thus, in an official-capacity suit the entity's policy or custom must have played a part in the violation of federal law." (internal quotation marks and citations omitted)); *Monell*, 436 U.S. at 693–94 (concluding that municipal liability under § 1983 occurs "when execution of a government's policy or custom" is "the moving force" behind the constitutional violation).

Based on the foregoing, the Court will dismiss without prejudice all claims in the Complaint except the individual-capacity claims of excessive use of force against Manning, Palmer, Stewart, Hester, and Hodge, and the individual-capacity claims of failure to protect or intervene against Rogers, Knight, and Pittman, which relate to the events that occurred on September 3, 2024. Also, the Court will strike Plaintiff's filing, titled "State Habeas Corpus/Injunction Order" (Doc. 3). Although somewhat illegible, this filing seems to repeat the allegations in the Complaint and fails to properly request relief from the Court. All requests for relief must be in the form of a pleading or a motion and must comply with the Federal Rules of Civil Procedure and the Local Rules of this Court. *See* Fed. R. Civ. P. 7(b); M.D. Fla. R. 3.01(b); *see also* Notice to Pro Se Litigant (Doc. 2).

10

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1.      The Complaint (Doc. 1) is **DISMISSED without prejudice** as to all claims **except** the individual-capacity claims of excessive use of force against Manning, Palmer, Stewart, Hester, and Hodge, and failure to protect or intervene against Rogers, Knight, and Pittman, which relate to the events that took place on September 3, 2024.

2.      A separate Order will enter regarding service of process on Defendants.

3.      Plaintiff's "State Habeas Corpus/Injunction Order" (Doc. 3) is **STRICKEN**.

**DONE AND ORDERED** at Jacksonville, Florida, this 23rd day of April, 2026.

_____

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

Jax-11
c:
Darryl Lew Kirksey, Jr., #J29471

11